UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KIMBERLY PARKER,                          )
                                          )
                      Plaintiff,          )
                                          )          Civil Action No. 06-2169 (CKK)
          v.                              )
                                          )
HENRY M. PAULSON, JR.,                    )
Secretary U.S. Department of the Treasury,)
et al.                                    )
                                          )
                      Defendants.         )
_____ )

## SETTLEMENT AGREEMENT AND STIPULATED ORDER FOR DISMISSAL WITH PREJUDICE

It is hereby stipulated and agreed between <u>Kimberly Parker</u>, Plaintiff, and Henry

M. Paulson, Secretary U.S. Department of the Treasury ("Treasury"), the Federal

Defendant, by and through their respective attorneys, as follows:

　　　1.　　<u>Agreement to Settle</u>.  Plaintiff and the Federal Defendant hereby agree to

settle and compromise the above-captioned civil action and all other claims arising from

or related to the allegations in Plaintiff's complaint, in accordance with the terms and

conditions set forth herein.

　　　2.　　<u>Terms.</u>  Plaintiff agrees to dismissal with prejudice of this action.  She also

agrees to withdraw with prejudice any and all claims of any type currently pending

against the United States, the Treasury, or any of its current or former officials, agents,

or employees, under the United States Constitution, Federal or State statutes or

regulations, or the common law, regarding any issues already raised or that could have

been raised by her prior to the effective date of this settlement agreement as a result of

the events giving rise to the allegations in any EEO complaint and/or the above-captioned proceeding and/or any other grievances, claims, appeals, and/or lawsuits that she has initiated against the Treasury or any of its present or former officials, agents, or employees, that are presently pending at any stage of administrative processing or litigation.  Plaintiff further agrees:

(a)     that she will only provide the Chief of the Office of Human Resources or his/her designee as a reference contact at the Agency, or as a contact for any information regarding the Plaintiff at the Agency; and

(b)     that she will not make any oral or written communications to any person or entity, either publicly or privately, which disparages, or has the effect of damaging the reputation of the Federal Defendant.

The Federal Defendant agrees:

(a)     to pay plaintiff the gross sum of $250,000 (two hundred fifty thousand dollars).  It is also agreed by and among the parties that the total settlement amount of $250,000 (two hundred fifty thousand dollars) represents the entire amount of the monetary settlement, including compensatory damages, attorneys' fees, litigation costs, interest, or other compensation;

(b)  that if any individual contacts the Federal Defendant for a reference, that individual shall be directed to the Chief of the Office of Human Resources or his/her designee who will give the following reference: that Kimberly Parker worked for the Federal Defendant from February 2001 to May 2005, and that she received an "exceed standard" rating in her performance evaluations for the period October 1, 2003 - September 30, 2004; and

(c)  that if any individual contacts the Federal Defendant for a reference or any information regarding the Plaintiff, that individual shall be directed to the Chief of the Office of Human Resources or his/her designee who will limit the disclosure of information regarding the Plaintiff to the following: that Kimberly Parker worked for the Federal Defendant from February 2001 to May 2005, and that she received an "exceed standard" rating in her performance evaluations for the period October 1, 2003 - September 30, 2004.

3.  <u>Payment by the Federal Defendant.</u>  The Federal Defendant agrees to pay Plaintiff the gross sum of  $250,000 (two hundred fifty thousand dollars) as follows:

a)  one check in the amount of $148, 750 (one hundred forty eighty thousand, seven hundred fifty dollars) payable to Kimberly  Parker; and

b)  one check in the amount of $101,250 (one hundred and one thousand two hundred fifty dollars) payable to Sanford Wittels & Heisler, LLP.

Both checks are to be delivered to the Plaintiff's counsel, David W. Sanford and

3

Stefanie Roemer at Sanford, Wittels & Heisler, LLP, 1666 Connecticut Ave., NW, Suite 310, Washington, D.C. 20009. The Federal Defendant's counsel, upon the Court's approval of this settlement agreement, shall promptly submit to the Department of Treasury all information required for processing of the payment. Plaintiff and his counsel shall cooperate by providing any reasonably requested information attendant to the request for payment by the Department of Treasury. 4.        Tax Liability. Plaintiff and her attorney fully understand and acknowledge that payment of any and all Federal, State, or local taxes on this payment are the responsibility of Plaintiff and/or her attorney.

5.    No Admission. This Stipulation and Agreement of Settlement has been entered into by Plaintiff and the Federal Defendant solely for the purposes of compromising disputed claims without further legal proceedings and avoiding the risks and expenses of litigation. Therefore, this Stipulation and Agreement of Settlement is not intended and shall not be deemed an admission by either party of the merit or lack of merit of the opposing party's claims and/or defenses.

6.    Waiver and Release. Plaintiff waives and releases any and all currently existing claims, demands, rights, and causes of action of every kind and nature, whether now known or unknown or asserted or unasserted, that arise from or by reason of the allegations in Plaintiff's complaint, including without limitation all rights and claims for lost wages, medical expenses, property damage, pain and suffering, attorneys fees, costs, other litigation expenses, and interest or other compensation.

7.    No Further Proceedings. Plaintiff agrees that she shall not hereafter institute or prosecute any civil action, administrative proceeding, or other proceeding of

4

any type against the Treasury, or any present or former employee, agent, representative, or contractor of that entity with respect to any matter arising from or by reason of the allegations in Plaintiff's complaint.

8.    No Duress. Plaintiff represents and warrants that, in entering into and executing this Stipulation and Agreement of Settlement: (a) she has relied on her own investigation; (b) she has been given a reasonable period of time within which to consider the terms and conditions of this Stipulation and Agreement of Settlement; and (c) she has voluntarily entered into this Stipulation and Agreement of Settlement without duress, coercion, or undue influence.

9.    Binding Effect. This Stipulation and Agreement of Settlement shall be binding upon and shall inure to the benefit of the parties hereto and their respective heirs, personal representatives, successors, and assigns.

10.    Complete Agreement. The parties understand that this Stipulation contains the entire agreement between Plaintiff and the Federal Defendant; that no promise or inducement has been made except as set forth herein; and that no representations, oral or otherwise, between Plaintiff and the Federal Defendant, or their respective counsel, not included herein shall be of any force and effect.

11.    Agreement to Dismissal with Prejudice. Plaintiff agrees that the above-captioned civil action shall be dismissed with prejudice, subject to the Court's retention of jurisdiction to enforce the terms of this Agreement, and in such event with each party to bear its own costs and attorney's fees. And that any and all other actions Plaintiff has brought in other forums on claims arising from or by reason of the allegations in her complaint shall also be dismissed with prejudice.

IN WITNESS WHEREOF, the parties hereto, intending to be bound, have stipulated and agreed to the foregoing.

Executed this 11th day of _____, 2007

DAVID W. SANFORD
D.C. BAR #457933
STEFANIE ROEMER
D.C. BAR #464450
Sanford, Wittels & Heisler, LLP
1666 Connecticut Ave., NW, Suite 310
Washington, D.C. 20009
((202) 742-7780

Counsel for Plaintiff

Kimberly Parker

Plaintiff

JEFFREY A. TAYLOR
D.C. BAR # 498610
United States Attorney

RUDOLPH CONTRERAS
D.C. BAR # 434122
Assistant United States Attorney

ANDREA MCBARNETTE    7/19/07
D.C. BAR #483789
Assistant U.S. Attorney
U.S. Attorney's Office
555 4th Street, N.W.
Washington, D.C. 20530
(202) 514-7226

Counsel for the Federal Defendant

SO ORDERED:

_____
DATE

_____
UNITED STATES DISTRICT JUDGE

6